# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 3:10-bk-03466-JAF |
| | ) | |
| MARK A. HAMILTON | ) | CHAPTER 13 |
|     Debtor. | ) | |
| | ) | |
| | ) | |

## MODIFIED CONFIRMED CHAPTER 13 PLAN

The Debtor submits the following Modified Confirmed Chapter 13 Plan:

1. The future earnings of the Debtor are submitted to the control and supervision of the Trustee, and the Debtors shall pay to the Trustee the sum **$111.12** per month in months one (1) through five (5) and **$241.49** in months six (6) through nine (9) and $**33,423.95** per month in month ten (10) for a total Plan period of ten (10) months.

2. From the payments so received, the Trustee shall make disbursements as follows:

   A. **PRIORITY CLAIMS**

   (1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments under the plan.

   (2) The debtors owe **$2,000.00** in unpaid attorney's fees. The trustee shall pay the undersigned attorneys **$100.00** per month in months one (1) through nine (9), and **$1,100.00** in month ten (10), until paid in full.

   3. The Internal Revenue Service holds a priority claim in the amount of **$12,065.99** for the debtors' unpaid income taxes. The Trustee shall pay this priority claim in the amount of $**9,587.56** with payments of **$9,587.56** per month in months ten (10) until paid in full.

   A. **SECURED CLAIMS**

   **1.** **Wells Fargo Home Mortgage** holds a mortgage on the debtors' real property located at 1647 Ashwood Circle, Middleburg, FL 32068. The debtor shall surrender his interest in the collateral to satisfy his debt. The trustee shall make no distribution to this creditor.

2. **Bank of America** holds a second mortgage on the debtors' real property located at 1647 Ashwood Circle, Middleburg, FL 32068. The debtor shall surrender his interest in the collateral to satisfy his debt. The trustee shall make no distribution to this creditor.

3. **Clay County Tax Collector** holds the property tax on the debtors' real property located at 1647 Ashwood Circle, Middleburg, FL 32068. The debtors shall surrender his interest in the collateral to satisfy his debt. The trustee shall make no distribution to this creditor.

4. **CarMax Auto Finance** holds a perfected lien on the debtors' 2004 Honda Accord in the amount of **$5,318.96**. The Trustee shall pay this secured claim in the amount of $**6,453.54** with equal monthly payments of **$117.34** per month in months six (6) through nine (9) and **$5,984.18** per month in month ten (10). This includes an interest at the rate of 8.75% interest.

5. **HSBC** holds a non-purchase money security claim on the debtors camera in the amount of **$1,235.88.** The Trustee shall pay this secured claim in the amount of **$125.00** with monthly payments of **$125.00** per month in months ten (10) until paid in full.

.

A. **UNSECURED CLAIMS** Unsecured creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and who timely file proofs of claim shall receive distribution pro-rata. The Trustee shall distribute pro-rata among those unsecured creditors whose claims are filed and allowed any funds remaining after paying priority and secured claims and a total of **$11,915.45** with monthly payments of **$11,915.45** per month in month ten (10) per proof of claims. Any claims filed after the proof of claims deadline shall receive no distribution under this plan unless specifically provided for above.

B. **EXECUTORY CONTRACTS** The Debtors **do not reject** any executory contracts.

C. **VESTING** Title to all property of the estate shall revest in the Debtors upon confirmation of this plan.

D. **RETENTION OF LIEN** Secured creditors shall retain their liens until the allowed secured claim is paid in full.

E. **INSURANCE** Debtors shall keep the collateral which secures any debt paid under this plan insured as provided for in the agreement between the Debtors and creditor.

4. **CONFIRMATION OF THE PLAN** shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages, and/or deeds of trust on the principal residence of the Debtor to do all of the following:
   A. To apply the payments received from the Trustee on the prepetition arrearages, if any, only to such arrearages. For purposes of this Plan the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.
   B. To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the prepetition default or defaults.
   C. To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtor(s) to the month in which each payment was designated to be made under the plan or directly by the Debtor(s), whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.
   D. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the Plan, unless specifically provided for in the Confirmation Order, or by further order of the Court on motion filed prior to completion of the Plan.

**DATED** this 4th day of February, 2011.

PARKER & DUFRESNE, P.A.

/s/ E. Warren Parker, Jr.
_____
E. WARREN PARKER, JR., ESQUIRE
Fla Bar #958506
8777 San Jose Blvd., #301
Jacksonville, FL 32217
(904) 733-7766
Fax: (904) 733-2919
Attorney for Debtors